## BUCKNER & Co. vs. DAVIS and wife.

1. MARRIED WOMEN: *Separate estate of, how created, etc.*

    A married woman could, in equity, take real and personal property to her separate and exclusive use; but in order to exclude the marital rights of the husband, the intention to settle it to her sole use must have been clearly expressed by apt words to that effect.

2. — *Right to charge her separate estate.*

    The right of a married woman to charge her separate estate with the payment of her debts, especially those created for her own benefit, or in respect to the estate, is well settled.

3. EXHIBITS: *Effect of, on demurrer.*

    *Held*, on demurrer, that a deed made on exhibit and referred to in the complaint, and thereby made a part of the record, would control the averments of the complaint.

APPEAL from *Drew* Circuit Court.

Hon. JOHN A. WILLIAMS, Special Judge.

*Garland,* for appellant.

*W. F. Seemmons, contra.*

HARRISON, J. Eliza J. Davis, the wife of J. Jones Davis, at the time, a retail dealer in millinery goods and notions in her own name and on her own account, at Monticello, in this state, on the 13th day of September, 1870, bought of H. J. Buckner & Co., wholesale merchants in Louisville, Kentucky, a bill of goods amounting to $665.65, for which they drew on her and she accepted a bill of exchange, payable to their own order, at the Citizens Bank of that city, four months after date.

Several years previous to the purchase of the goods, that is to say, on the 23d day of October, 1867, being at that time the wife of said Davis, she purchased a lot of ground in Monticello, the deed of which she took in her own name.

On the 14th day of August, 1871, she conveyed the lot, her husband joining with her in the deed, to her daughter and only child, Frances E. Owens, wife of William N. Owens.

H. J. Buckner & Co., on the 28th day of February, 1873, brought this suit in the Drew circuit court, against Mrs. Davis and her husband, and Owens and wife, to set aside the conveyance to Mrs. Owens, and subject the lot to the payment of their debt. They alleged in their complaint, in addition to the foregoing facts, that Mrs. Davis intended, when she contracted the debt, to charge her separate estate with its payment, and did so charge it, and that the same was a charge upon the lot.

That when she conveyed the lot to Mrs. Owens, she had failed in business, was greatly in debt, and hopelessly involved, and the conveyance was without any valuable consideration,

and for the purpose of defrauding her creditors. That Owens and wife were in possession of the lot, and Mrs. Davis was without other separate property to which they might resort for the satisfaction of their debt.

Copies of the deeds referred to were filed with the complaint as exhibit.

Mrs. Davis and Owens and wife filed answers, but the case being decided without a hearing upon them, it is unnecessary to state their nature or purport.

Reserved in the answer of Owens and wife was a demurrer to the complaint, on the ground that it did not contain sufficient facts to constitute a cause of action, which being taken up and considered by the court, it was adjudged well taken, and the court thereupon rendered a decree dismissing the complaint. From which decree the plaintiffs appealed.

The controversy in this case arose and the suit was brought before the act of April 28, 1873, declaring all property of married women to be their separate estate, was passed.

By the common law, according to which the case before us must be decided, after marriage, the personal property of the wife belongs absolutely to the husband, and he also becomes entitled to the rents and profits of her real estate. 2 Kent's Com., 130, 143; Shouler's Dow. Rel., 111, 142.

But in equity she may take both real and personal estate to her own separate and exclusive use, and as to which she is regarded as a *feme sole;* but it must be settled upon her as such, and to exclude the marital right of the husband and establish a separate use to her, the intention must be clearly manifested by such words as "to her sole and separate use," "to her own use independent of any husband," "for her livelihood," etc., or by such circumstances as fairly and justly imply it. 2 Story Eq. Jur., 1377, 1381, 1382; Shouler's Dow. Rel., 189.

Her right to charge such separate estate with the payment of her debts, especially those created for her own benefit, or in respect to it, is well settled. 2 Kent's Com., 164; 2 Story Eq. Jur., 1397–1401; Shouler's Dow. Rel., 220; *Dobbin and wife v. Hubbard*, 17 Ark., 189; *Stillwell and wife v. Woodruff*, *ante*, p. 346; *Jaques v. The Methodist Episcopal Church*, 17 John., 548; *Phillips v. Graves and wife*, 20 Ohio St., 371.

There is no direct and explicit averment in the complaint, that the lot was the separate property of Mrs. Davis; the nearest approach to it is the allegation, that it was her intention, when she contracted the debt, to charge her separate estate with its payment, and she did so charge, and the same was a charge upon the lot; and the further one, that she had no other separate property to which they might resort for its satisfaction.

No reference is made to intention, expressed or indicated in the deed to her, to exclude the marital rights of her husband, and create a separate use to her; and when we look to the deed, which is referred to in the complaint, and so made a part of the record, we find that it was not conveyed to her as her separate property; the deed containing no indication, by the use of apt words, such as we have mentioned, or more general expressions, of an intention to create such separate estate or use.

Then, if the averments of the complaint in that regard, were sufficiently certain and explicit, the deed would disprove and control them. Newman's Plead. and Prac., 252; *Bush v. Madeira's Heirs*, 14 B. Mon., 212.

It is, therefore, apparent, that Mrs. Davis never had any separate estate in the lot, which she might subject to the payment of her debts, and the plaintiffs have no lien or charge upon it; and the court below did not err in sustaining the demurrer and dismissing the complaint.

Decree affirmed.