## TAYLOR v. WHITE ET AL.

1. **Principal and Agent:** VIOLATION OF AUTHORITY. Where agents were authorized to sell land upon certain prescribed conditions and they, upon receiving an executed deed from him, without authority consented that the deed and purchase notes should be placed in the hands of a third party until an alleged lien should be removed, the transaction was *held* not to be a sale binding upon the principal.

*Appeal from Warren District Court.*

THURSDAY, OCTOBER 5.

ACTION in equity for specific performance of a contract. The plaintiff claims to have purchased the land in question of the defendant, White, through his agents, Henderson & Bro.

The defendant, Brown, claims to have purchased the land of White, through his agents, Creighton & Todhunter. White claims that he sold to Taylor, and not to Brown. The facts are stated in the opinion. Decree for plaintiff. Defendant, Brown, appeals.

*Williamson & Parrott*, for appellant.

*Henderson & Berry* and *Bryan, Maxwell & Seevers*, for appellees.

ADAMS, J.—The question in this case is as to whether the defendant White sold the land in question to the defendant Brown. White lives in Baltimore, Md., and Brown lives in Warren county, Iowa, and the land is in said county. On the 30th day of March, 1874, White authorized, by letter, Creighton & Todhunter (through whom Brown claims to have purchased), to sell the land "for its full value, one-third down, balance in one and two years, with ten per cent interest." On the 25th day of April, 1874, Creighton & Todhunter negotiated a sale of the land to Brown for $300, of which $50 was paid down; $50 was to be paid January 1st, 1875; $100 January 1st, 1876, and $100 January 1st, 1877, and Brown was to be furnished with an abstract of the title.

It will be seen that Creighton & Todhunter departed from their instructions, and the sale thus made was of course not binding upon White, unless his said agents were clothed by him with apparent authority to make it, or unless it was subsequently ratified. There is no evidence tending to show that the said agents were held out as having greater authority than they had, or that they claimed that the title would be valid unless ratified by their principal. On the day it was made they reported it by letter, and inclosed with it a deed to be executed by White to Brown. White did not then execute the deed, but replied by letter in the following words: " I have your favor of the 25th instant. Henderson & Bro. have written me respecting a sale of the same. I have written them to-day it was sold by you, and if they were committed to advise me. Please call on them, and if they have not sold

advise me and I will send deed, but I cannot pay for abstract. I have never been requested to furnish one before, and I cannot do it. I warrant title; that is sufficient. Were I to furnish abstracts of every lot of land I sell, lying in one hundred and twenty-four counties, it would require thousands of dollars to pay, and I cannot commence it." That Brown was to have an abstract of title, as a part of the consideration for the three hundred dollars which he was to pay, is shown by his own testimony, in which he says: "I did not employ Creighton to look up the title to the land. I told him I wanted a clear title, and he said if I bought the land, he would furnish me an abstract."

In White's said letter to his agents in reply to theirs in which they reported the sale which they had negotiated, he not only did not, as we have seen, ratify it in all its terms, but in one respect, in the matter of the abstract, he repudiated it. Thus far, then, no sale appears to have been made by which White was bound.

On the eleventh day of May, White executed and forwarded to his said agents a deed of the land, being induced to do so by certain representations made to him by them. It is claimed by the appellee that the representations were fraudulent, and that being so, White was justified in afterwards recalling the deed. Whether they were fraudulent or not we shall not stop to inquire. Brown was not a party to the representations, and if the sale was fairly made in other respects we think it could not be avoided by reason of them.

When White forwarded the deed to his agents he had not consented to furnish an abstract, and we must presume that it was not to be delivered except upon his terms. Brown had not consented to waive the abstract, and no valid delivery could be made. Before any change took place, and while the deed was in the agents' hands, White wrote them instructing them to withhold it. A few days thereafter they delivered it contrary to instructions, and under a new arrangement. It had been discovered that the property was incumbered by a judgment lien. Brown, therefore, while willing to take the deed was not willing to give his notes and mortgage except

upon condition that they should be placed in the hands of a third person to be held until the lien should be removed. The notes and mortgage were accordingly placed in the hands of one Hall and the deed was then delivered. There is no pretense that the agents were authorized to make this new arrangement and to deliver the deed in pursuance thereof, and we see nothing in the circumstances to justify us in holding that Brown had reason to suppose that they had such authority.

The plaintiff's purchase of the premises being admitted by White, he is entitled to recover in the absence of a valid sale to Brown. We think, therefore, that the decree of the District Court was correct.

AFFIRMED.