AMERICAN FREEHOLD LAND MORTGAGE COMPANY v. MCMANUS.

Opinion delivered June 9, 1900.

1. PLEADING—EXHIBITS.—A deed made an exhibit, and referred to in a complaint in equity, and thereby made a part of the record, will control the averments of the complaint.  (Page 265.)

2. LIMITATION OF ACTIONS—MORTGAGE.—Where a mortgage under seal contains an express covenant to pay the debt secured, the period of limitation to a suit to foreclose it is ten years, though the notes which witness the debt are barred in five years.  (Page 265.)

3. APPEAL—DECREE PRO CONFESSO.—A decree *pro confesso* based on a complaint which failed to allege a good cause of action will be set aside on appeal.  (Page 266.)

Appeal from Monroe Circuit Court in Chancery.

JAS. F. THOMAS, Judge.

STATEMENT BY THE COURT.

This is an appeal from the chancery side of the Monroe circuit court.  The appellee, Mary E. McManus, alleges in her complaint that she is the owner and in possession of the northeast quarter of section 23, township 1 south, range 2 west, situated in Monroe county, Ark., and containing 160 acres; that she bought the above described land from Thomas L. Matthews and wife, Laura M. Matthews, January 1, 1891, and paid therefor a valuable consideration; that she went into immediate possession of said land, and has held peaceable and uninterrupted possession since January 1, 1891.  She further alleges that on the 20th day of September, 1883, the said Matthews and wife, by a deed of trust, conveyed said land to the

defendants, to secure the payment of certain promissory notes and coupon interest notes, which notes were all due and payable on the 15th day of September, 1888; that more than five years had elapsed since the maturity of said notes and deed of trust, and that no suit had been brought by the defendants to foreclose the same, nor had any payment been made to prevent the statute of limitations from barring the defendant's claim. She further alleges that said trust deed is barred by the statute of limitations, and that said deed of trust is a cloud upon plaintiff's title. A copy of said trust deed was filed as "Exhibit A," and made a part of the complaint. The plaintiff's prayer was that said trust deed be canceled as a cloud upon her title. The trust deed shows that the notes secured by the trust deed were payable to the American Freehold Land Mortgage Company, of London, Limited, and that the defendant, J. K. O. Sherwood, was the trustee. On the 22d day of October, 1897, summons issued for both of the defendants, directed to the sheriff of Pulaski county, and on the 23d day of October, 1897, it was returned duly served upon "the within named, the American Freehold Land Mortgage Company, by handing a copy of the same to John M. Rose, the authorized agent, upon whom service is to be had in said county, as commanded."

At the November term, 1897, a decree by default was entered in said cause, finding that the said notes and trust deed were barred by the statute of limitations, and annulling and cancelling the same, as a cloud upon the plaintiff's title. From this decree the defendants have appealed.

*Watson & Fitzhugh*, for appellants.

The process not appearing to have been served on defendant Sherwood, the recital thereof in the decree is not sufficient showing of it. 29 Miss. 139. Therefore the judgment by default is not good against any of the defendants. 4 Ark. 427; *ib.* 431. Sherwood was a necessary party. 1 Beach, Eq. Pract. § 70; 144 U. S. 451; Sand. & H. Dig., § 5626. Since the promise to pay the indebtedness is in the trust deed itself, the period required to bar the suit on the promise is ten years. 65 Ark. 491. The allegation in the complaint that the trust deed

was barred by the five-year statute of limitation was only a conclusion of law, and should have been disregarded. 64 Ark. 46, 47. The trust deed is part of the record, and controls the averments of the complaint. 33 Ark. 722. By default appellant did not admit the correctness of the allegation. 41 Ark. 42; 44 Ark. 56.

*M. J. Manning* and *J. P. Lee*, for appellee.

The recital of notice in the record is sufficient evidence thereof. Sand. & H. Dig. § 4191. It is not necessary that jurisdictional facts should appear of record in a court of general jurisdiction. 49 Ark. 413. The bill, answer and other pleading, together with the decree, constitute the record. 13 Pet. 6; 2 Beach, Eq. Pract. § 806. The mortgage company was the real party in interest (44 Ark. 314), and could sue without joining Sherwood. Sand. & H. Dig., §§ 5623, 5626. The deed of trust was, in legal effect, a mortgage. 53 Ark. 546; 31 Ark. 437, 438; 54 Ark. 179. The debt being barred, the deed of trust is barred. Sand. & H. Dig., § 5094; 65 Ark. 491. The suit in the lower court was upon the note, not upon the covenant in the mortgage; and appellant cannot shift it here. 64 Ark. 307. The only question presented is, whether the allegations of the bill are sufficient to authorize the decree. 18 Wall. 99; 44 Ark. 60.

WOOD, J., (after stating the facts.) The object of plaintiff's complaint was to cancel a deed of trust, which she claims was a cloud upon her title. She makes the deed of trust an exhibit to her complaint. A deed made an exhibit and referred to in a complaint in equity, and thereby made part of the record, would control the averments of the complaint. *Buckner* v. *Davis*, 29 Ark. 444; *Beavers* v. *Baucum*, 33 Ark. 722. Here the deed of trust exhibited with plaintiff's complaint contains an express covenant to pay the debt of appellants, exactly similar to that contained in the deed of trust passed on by this court in *New England Mortgage Security Co.* v. *Reding*, 65 Ark. 489, where we held that, the mortgage being under seal, and containing a promise to pay the debt, the right of action upon it was ten years. The averment in plaintiff's bill that "said trust

deed is barred by the statute of limitations" was controlled by the stipulations and recitals in the trust deed itself, which showed such averment to be untrue. The court therefore erred in rendering a decree *pro confesso* cancelling the deed of trust. The decree was not based upon a complaint which showed a good cause of action. It was therefore erroneous. *Chaffin* v. *McFadden*, 41 Ark, 42; *Benton* v. *Holliday*, 44 Ark. ! 6.

The judgment is reversed, and the complaint is dismissed for want of equity.