## KOONS *v.* MARKLE.

### Opinion delivered April 25, 1910.

1. APPEAL AND ERROR—DECREE PRO CONFESSO.—Upon a defendant's appeal from a decree rendered by default the only question is whether the allegations of the complaint are sufficient to authorize the relief granted by the decree. (Page 574.)

2. EQUITY—WHEN EXHIBITS CONTROL AVERMENTS OF PLEADING.—Where a bill in equity for specific performance of a sale of land alleges that the contract is contained in exhibits to the complaint, the averments of such exhibits will control the allegations of the complaint; and where the exhibits show that no contract of sale was entered into, a judgment by default on the complaint will be reversed. (Page 574.)

Appeal from Craighead Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

## STATEMENT BY THE COURT.

This suit was instituted by the appellee, Minor M. Markle, in the Craighead Chancery Court for the Western District, against the appellant, J. A. Koons.

The appellee in his complaint alleges that the appellant was the owner of the southwest quarter of the northeast quarter and the southeast quarter of the northwest quarter of section 8, township 13 north, range 3 east; and that on or about the 25th day of July, 1909, the appellant, Koons, contracted and agreed to sell and convey to the appellee the said land at and for the consideration of $700, the conveyance to be made by deed with covenants of warranty; and that the said contract was evidenced and ratified by certain correspondence between appellant and appellee; and that the copies of said correspondence were attached as exhibits to the complaint. The appellee says further in his complaint that he had agreed and contracted to sell the said lands to other parties; says that he had tendered to the appellant the said $700, and demanded deed conveying to him the said lands; and that the said appellant failed, neglected and refused to excute the said deed and convey the land.

The prayer of the complaint was for specific performance of the alleged contract. The exhibits referred to in the complaint are certain letters written by Koons to Markle and the replies thereto. Service of summons was duly had upon appellant. Appellant failed to answer, but made default.

When the cause was reached upon the call of the calendar, the court found the issues in favor of appellee, and a decree was entered in accordance with the prayer of the complaint. The case is here on appeal.

*Basil Baker,* for appellant.

No contract to convey was made. 76 Ark. 261; 56 Am. Rep. 371.

*Charles D. Frierson,* for appellee.

The only question is, does the complaint sustain the decree? It does. 107 S. W. 179; 44 Ark. 56; 41 Ark. 42; 82 Ark. 455. It is not necessary for plaintiff to file with his complaint papers which are mere instruments of evidence. 22 Ark. 10; 107 S. W. 179; 56 Ark. 37; 38 Ark. 128; 32 Ark. 131; 37 Ark.

542; 34 Ark. 534; 33 Ark. 593; *Id.* 543; 53 Ark. 479; 35 Ark. 470. If such papers are filed, they must, in determining the sufficiency of the pleadings, be disregarded. 152 Ind. 197; 52 N. E. 991; 149 Ind. 363; 48 N. E. 642; 149 Ind. 554; 49 N. E. 455; 140 Ind. 158; 39 N. E. 443. The objection to the failure to file a copy of the deed with the complaint cannot be reached by demurrer. 27 Ark. 369; 32 Ark. 450; 31 Ark. 534; 33 Ark. 593; 37 Ark. 542.

HART, J., (after stating the facts). "The only question for the consideration of the Supreme Court, upon a defendant's appeal from a default decree duly rendered against him, is, whether the allegations of the complaint are sufficient to authorize the relief granted by the decree." *Benton* v. *Holliday,* 44 Ark. 56; *American Freehold Land & Mortgage Co.* v. *Mc-Manus,* 68 Ark. 263.

The complaint alleges that appellant contracted and agreed to sell and convey "to appellee certain lands for a consideration of $700, which contract and agreement is evidenced and ratified by certain correspondence between the parties hereto, copies of which are attached as exhibits and asked to be made parts hereof." Thus it will be seen that the complaint alleges that whatever contract was had between the parties was contained in the exhibits, which were made a part of the complaint and became a part of the record. Hence the exhibits, being the alleged contract, were the foundation of the action, and, according to the well established rule in equity, will control the averments of the complaint. *Beavers* v. *Baucum,* 33 Ark. 722; *Buckner* v. *Davis,* 29 Ark. 444; *American Freehold Land & Mortgage Co.* v. *McManus, supra.*

We have not set out the exhibits, as they are somewhat voluminous. It is sufficient to say that we have carefully considered them, and that they do not show that an agreement for the sale of the land in question was entered into between the parties to the suit, but on the contrary negative the idea that such contract was made. The letters of appellee were merely offers to purchase on his part; and the letters of appellant show that he merely considered the offer, but they do not show that such offer to purchase was ever accepted by him. Therefore, the allegations of the complaint do not establish a contract between the parties for the purchase or sale of the land

in question, and do not authorize the relief granted by the court.

The decree will be reversed, and the cause remanded with directions to grant appellee leave to amend his complaint so as to entitle him to the relief prayed for, if he is advised that he can do so; or in default thereof that the complaint be dismissed for want of equity.