## SWIFT *v.* ERWIN.

### Opinion delivered June 3, 1912.

1. PLEADING—WAIVER OF ERROR.—Error in sustaining a motion to make a complaint more specific is waived by filing an amended complaint. (Page 462.)

2. SAME—EXHIBITS.—In a suit in chancery, the exhibits, which are the foundation of the action, will control the averments of the complaint. (Page 462.)

3. BROKERS—AUTHORITY OF REAL ESTATE BROKER.—An agent authorized to sell real estate is a special agent, and those who deal with him must take notice of the extent of his authority. (Page 464.)

4. SPECIFIC PERFORMANCE—CONTRACT MADE BY AGENT.—In a suit for specific performance for the sale of real estate entered into by an agent of the vendor, it must appear that the authority conferred upon the agent was strictly pursued, unless the contract so made was subsequently ratified by the principal. (Page 464.)

5. AGENCY—AUTHORITY TO SELL LAND.—An agent who is impowered only to sell land has no authority to give an option to buy the land. (Page 464.)

6. SALES OF LAND—OPTION.—An option is not a sale, but is merely an offer by one person to sell within a limited time and a right acquired by the other to accept or reject such offer within such time. (Page 465.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*D. L. King,* for appellant.

1. The court erred in sustaining the motion to make complaint more specific. The demurrer should have been overruled.

2.   If the doctrine of *ultra vires* applies, it should be met by evidence.   Demurrer is not the remedy.   Verbal and mixed contracts have been upheld by this court.   90 Ark. 301; 92 *Id*. 213; 93 *Id*. 606; 94 *Id*. 572; 96 *Id*. 456; *Ib*. 506.

*Webber & Webber*, for appellees.

1.   The burden was on appellant to show that Hamiter was the agent of Erwin, and within the scope of his authority. 31 Cyc. 1043; 46 Ark. 133.   The motion to make the complaint more specific was properly sustained.   49 Ark. 277; 67 *Id*. 15, 25; 70 *Id*. 161; 77 *Id*. 1.

2.   One seeking specific performance must allege and prove either that he has performed his part of the contract, or that he was ready, willing and able to perform.   In this respect the complaint was defective.   36 Cyc. 778-9; 82 Ark. 573.

3.   In chancery exhibits are part of the record, and control the  averments of the complaint.   94 Ark. 572; 68 *Id*. 263; 19 *Id*. 482.

4.   The instrument must on its face purport to be the contract of the principal; the mere addition of descriptive words, in the absence of a showing of authority, is regarded as *descriptio personae* only.   31 Cyc. 1414; 17 Am. Dec. 529; 9 Am. Rep. 156; 61 Ala. 518; 59 N. W. 1084; 17 Ind. 495; 13 Minn. 187.

5.   Special authority in writing to sell real estate is necessary to authorize a sale by a real estate agent.   92 Pac. 175. An authority to sell is no authority to execute a contract of sale.   25 Pac. 471; 98 *Id*. 71; 6 Am. Rep. 617; 30 Atl. 1063. 62 Pac. 499; 94 *Id*. 187; 84 N. E. 1041; 24 S. E. 258; 92 N. W. 453; 107 *Id*. 84; 61 *Id*. 857.   The only authority given was to accept bids and refer them to the owner.   The meaning of letters and telegrams as to the authority of the agent is a question of law for the court.   24 Pac. 1040; 96 *Id*. 859; 95 *Id*. 1017; 8 cent. Dig. "Brokers," § 13; 99 Pac. 577; 102 Pac. 178; 104 Pac. 1118; 32 N. W. 364; 33 *Id*. 564; 96 *Id*. 964; 89 *Id*. 1087; 37 Atl. 740; 42 *Id*. 81; 47 N. E. 818; 49 Atl. 1073; 121 N. W. 862; 19 Cyc. 294-5.

3.   Any deviation from the terms of the owner avoids the contract.   71 N. E. 918; 121 N. W. 202; 27 Pac. 891; 25

N. W. 778; 113 S. W. 191; 61 Ark. 385; 104 Pac. 392; 96 N. W. 964; 158 U. S. 216; 46 S. E. 701.

4.  Those dealing with an agent must take notice of his powers.  10 L. R. A. (N. S.) 867; 2 App. Cases, (D. C.) 279.

FRAUENTHAL, J.  This was a suit brought by P. B. Swift, the plaintiff below, for the specific performance of an alleged contract made by the agent of the defendants to sell and convey to him certain lands situated in Miller County.  In his original complaint he alleged that the defendants were nonresidents of the State, and through their agent, resident of this State, had entered into a written contract by which they had sold the land to him, and this contract was made an exhibit to the complaint.  Thereupon the defendants entered their appearance and moved the court to require the plaintiff to make his complaint more specific by stating what authority the alleged agent had to enter into the alleged contract of sale and in what manner such authority was obtained and the extent thereof, and, if in writing, to exhibit the same with his complaint.  This motion was sustained over the plaintiff's objection.  Thereupon the plaintiff, without resting upon the original complaint, filed an amended complaint.  It is contended by counsel for the plaintiff that the court erred in sustaining this motion to make his original complaint more specific, but, if any error was committed by this ruling, it has been waived by the plaintiff by his failure to rest upon his original complaint and by filing an amended complaint.

In his amended complaint, the plaintiff alleged that the defendants were nonresidents of the State and the owners of the land involved in this suit; that in February, 1910, they appointed one A. H. Hamiter as their agent to sell said lands; that this appointment of and authority to the agent to sell said lands was given by letters which were made exhibits to the amended complaint; that said Hamiter, as such agent, offered to sell said lands to the plaintiff at a stipulated price and terms, and, after the plaintiff had seen his authority as contained in said letters, he paid to said Hamiter as such agent the sum of $500 for a ninety-day option to purchase said lands.  It was alleged that the option was in writing, and executed on October 17, 1910, by said agent, and a copy thereof was attached to the amended complaint as an exhibit.  It was

further alleged that on October 25, 1910, the defendants, for the purpose of defeating and defrauding the plaintiff out of his rights to these lands, conveyed the same to one Mary M. Erwin, who later, with the fraudulent purpose to defraud the plaintiff, conveyed same by deed to David L. Adams. He asked that said Adams be made a party to the suit, that the deeds executed to the above-named grantees be cancelled for fraud, and that the defendants be required to specifically perform the contract of sale made to him; and, in event said Adams was an innocent purchaser of said lands, that the plaintiff have judgment against the defendants for the damages sustained by him by the breach of said contract. To this amended complaint the defendants interposed a demurrer upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained this demurrer; and, the plaintiff refusing to plead further, the complaint was dismissed for the want of equity.

The letters appointing said Hamiter as defendants' agent to make sale of said lands and the authority given to him therein, as well as the contract entered into by said Hamiter as such alleged agent with the plaintiff for the alleged sale of said lands to the plaintiff, are the basis upon which this action is founded. These were made exhibits to the amended complaint, and thereby became a part thereof, and must control the allegations of the amended complaint. In a suit in chancery the exhibits, which are the foundation of the action, will control the averments of the complaint. *Beavers* v. *Baucum,* 33 Ark. 722; *American Freehold Land & Mort. Co.* v. *McManus,* 68 Ark. 263; *Cazort & McGehee Co.* v. *Dunbar,* 91 Ark. 400; *Koons* v. *Markle,* 94 Ark. 572. From these letters it appears that the defendants placed these lands with said Hamiter to sell at a stipulated price and upon stipulated terms. The letters were written in February and March, 1910, and in them the defendants stated that they preferred to sell during that spring, but no definite time was named in which the sale should be made. The terms of the sale were that the lands should be sold at the price of $25,000, of which $5,000 was to be paid in cash and the balance in three equal annual installments bearing 6 per cent. interest from the date of sale, with a vendor's lien retained upon the lands.

The contract executed by said Hamiter to the plaintiff was signed by him, and after his signature were added words of agency for defendants. In this contract he acknowledged receipt of $500 as paid for an option for ninety days to purchase said lands, and therein stated that, if the plaintiff desired to purchase said lands at the expiration of ninety days, he might do so at a specified price and upon specified terms, which conformed to the price and terms named in said letters written by defendants to said Hamiter. In said contract it is further provided: "If said P. B. Swift decides that he does not want to purchase said lands upon the above-mentioned terms at the expiration of said ninety days, he forfeits the said $500 paid to me on this date as above mentioned, and he will not be held liable for any other sum of money in this matter. It is understood and agreed that, if the said P. B. Swift buys the said lands on the above-mentioned terms and price, that the said payment of $500 will be taken as a part of the first payment of $5,000, and Swift will pay $4,500, and the same will be accepted as first payment as aforesaid."

It is urged by counsel for defendants that the alleged contract was not binding upon the defendants because (1) it was not executed in the name of the defendants as principal, but by the said Hamiter personally, and that the added words of agency were only descriptive in their nature; (2) that said Hamiter was only appointed and employed to find a purchaser for said lands, and was not impowered to make a contract of sale thereof; and (3) because said Hamiter did not sell said lands to plaintiff, but only gave him an option to purchase same, which he was not authorized or impowered to do. For these reasons, they contend that the ruling of the court in sustaining the demurrer to the amended complaint should be sustained here. We are of the opinion that counsel are correct in this contention, In the view we have taken of this case, we think that it is only necessary to note and pass upon the third and last ground above mentioned, why, according to the allegations of the complaint, the defendant was not bound by the alleged contract of sale for the specific performance of which this suit is brought.

The sole authority alleged to have been given by the defendants to said Hamiter to make the sale of said lands is

contained in the letters which are made a part of the complaint by being attached as exhibits thereto. The provisions of these letters control any allegation that was made or could have been made in the amended complaint relative to the authority which was given by the defendants to said Hamiter. By the terms of these letters Hamiter was employed as a real estate agent, and he was only authorized, at most, to sell the lands at a certain price and upon certain terms, and he was not authorized to give an option to purchase same. It is well settled, we think, that an agent authorized to sell real estate is a special agent acting under a limited power. He is not a general agent, and can only have the power to do those acts specifically named in his contract of agency. He must follow the instructions given him, and can not bind his principal by any act or contract done or made without the scope of the limited power confided to him. Those who deal with him must take notice of the extent of his authority and of the fact that he is not a general agent. They are bound by the limits of the authority named in the contract employing and giving authority to the agent. If the agent exceeds or deviates from the authority thus given him, those dealing with him can not hold the principal bound thereby unless the contract made by the agent is subsequently ratified by the principal. The rule is that a power to sell real estate must be strictly followed, and the principal can not be bound by a contract made by such an agent which is not expressly authorized. The agent can only bind the principal by a contract embodying the terms and conditions authorized by the principal. Story on Agency, 126; 1 A. & E. Enc. Law, 1010; *Halsey* v. *Monteiro*, (Va.) 24 S. E. 258; *Dyer* v. *Duffy*, 39 W. Va. 148. It is therefore well settled that, in a suit for specific performance of a contract for the sale of real estate entered into by an agent of the vendor, it must appear that the authority conferred upon the agent was strictly pursued, unless the contract so made was subsequently ratified by the principal. *DeSallers* v. *Hanscome*, 158 U. S. 216; *Holbrook* v. *McCarthy*, 61 Cal. 216; *Nat. Armor Co.* v. *Bonner*, 19 N. J. Eq. 331; *Taylor* v. *White*, 44 Ia. 295; *Dayton* v. *Buford*, 18 Minn. 126; *Rundle* v. *Cutting*, 18 Col. 337; *Staten* v. *Hamer*, (Ia.) 96 N. W. 964. In addition to this, it is alleged in the

amended complaint that the plaintiff, before entering into the contract by which he obtained this option, asked for and saw the letters and the authority given therein to Hamiter, and therefore had actual notice of the power which Hamiter, as such agent, had to make any contract relative to these lands.

Now, an option is not a sale. It is not a contract by which one agrees to sell and the other to buy. It is only an offer by one to sell within a limited time and a right acquired by the other to accept or reject such offer within such time. When this privilege is exercised by acceptance, then and not until then does it become a contract of sale. Instead of being a sale, an option excludes the right to sell during its life. In the case of *Black* v. *Maddox*, 104 Ga. 157, an option is defined to be "the obligation by which one binds himself to sell and leaves it discretionary with the other party to buy, * * * which is simply a contract by which the owner of property agrees with another person that he shall have the right to buy the property at a fixed price within a certain time." See also *Litz* v. *Goosling*, 93 Ky. 185; *Trogden* v. *Williams*, (N. C.) 10 L. R. A. (N. S.) 867. An option is, therefore, easily distinguished from a contract of sale; an agent who is only impowered to sell land has no authority to give an option to buy the land. In the case of *Ives* v. *Davenport*, 3 Hill 373, it was held that, as the power of sale only authorizes an absolute sale, a contract which leaves it to the option of the vendee whether he will take the land or not is not in compliance with the power of sale, and is therefore not binding upon the principal. In the case of *Trogden* v. *Williams, supra,* it was said: "The general rule is that a power to sell real estate must be strictly followed in order to bind the principal, and this applies where the agent attempts to bind the principal by an option on such real estate, if such right is not expressly given in the power to sell." See also *Field* v. *Small*, 17 Col. 386. In the case of *Tibbs* v. *Zirkle*, (W. Va.) 46 S. E. 701, in denying the right of the specific performance of an alleged contract executed by an agent to sell land but who had given to the complaining party an option only, the court said: "We can not hold otherwise than that Zirkle exceeded his authority under his power of attorney in executing plaintiff's option, for he was only authorized to

make a sale, while an option is not a sale, although it may eventuate in a sale. For the time being, it prevents a sale, and it matters not what the event thereof may be; and, if Zirkle had authority to give an option for three months, he had the right to extend such option for three years, and in this manner he might indefinitely tie up the property and prevent, instead of securing, a sale thereof. This certainly was not had in view by the land owners when they authorized Zirkle to make a sale for them. Those dealing with Zirkle must take notice of the extent of his power."

According to the allegations of the amended complaint, as controlled by the exhibits of the written authority given to the agent by the defendants, the agent, Hamiter, viewing the matter in the most favorable light to the plaintiff's case, had only the power to sell the land within a reasonable time for a specified price and upon certain terms. This was the limit of his authority, and he could make no contract binding upon the defendants different from the instructions contained in this written authority. Under the law, the plaintiff was affected with notice of this limited power of the agent, and, under the allegations of the complaint, he had actual notice of the limited authority given to the agent. Instead of selling the land, the agent executed a contract by which he gave to the plaintiff the option or privilege only to buy. By this contract, no obligation rested upon the plaintiff to buy the land, and therefore there was no sale of the land. The agent had no authority to bind the defendants by such contract. It follows that, giving to the allegations of the amended complaint every inference that may be reasonably deducible therefrom, the plaintiff is not entitled to a specific performance of this alleged contract set out in the amended complaint. The lower court committed no error, therefore, in sustaining the demurrer to the amended complaint. The decree is accordingly affirmed.