BLASINGAME v. LOUDERMILK.

Opinion delivered March 4, 1918.

1. FORECLOSURE AND REDEMPTION—OFFICE OF EXHIBITS TO COMPLAINT—EQUITY JURISDICTION.—In an action to foreclose a mortgage, the same being a suit in equity, the exhibits control the averments of the complaint.

2. FORECLOSURE—OMISSION OF CERTAIN DESCRIPTION IN COMPLAINT AND COPY OF MORTGAGE.—In an action to foreclose a mortgage the complaint and a copy of the mortgage failed to name a tract of land described in the mortgage. The original mortgage was filed at the trial. *Held*, it was proper for the court to include this omitted description in its decree of foreclosure, and to order a sale thereof, and to confirm the sale when made.

. Appeal from White Chancery Court; *John E. Mar-tineau,* Chancellor; affirmed.

*J. N. Rachels* and *John E. Miller,* for appellant.

The land in controversy was not included in the pleadings nor exhibits. The court had no jurisdiction of it and the sale and confirmation are void as to it. 27 Cyc. 1595; 15 R. C. L. 604; 55 Ark. 562; 127 *Id.* 98; 76 *Id.* 146; 81 *Id.* 462; 19 S. E. 708.

*Brundidge & Neelly,* for appellee.

The land was in the mortgage and note. It was mere clerical mistake that it was omitted from the pleadings and record. The court properly treated the pleadings as amended to conform to the proof. 78 Ark. 350; 88 *Id.* 185; 104 *Id.* 462; 108 *Id.* 364.

SMITH, J. Appellee brought this suit as executor of the estate of D. M. Doyle to foreclose a mortgage given by D. A. Blasingame and his wife to secure the payment of the sum of money there mentioned due Doyle by Blasingame. The complaint alleged that a copy of the mortgage was filed as an exhibit to the complaint; and, while both undertook to describe the land mortgaged, neither, in fact, described the northeast quarter of the northwest quarter of section 24, township 6 north, range 10 west. An answer was filed, and a reference had to a master, to whose report exceptions were filed; but, upon a final hearing, the indebtedness was adjudged and a foreclosure of the mortgage ordered. The decree to that effect described the northeast quarter of the northwest quarter of section 24, together with the lands described in the complaint, and this forty-acre tract, together with the other lands, were sold pursuant to the terms of the decree. The special commissioner appointed to make the sale reported the sale of the lands to the executor in succession. Exceptions to the confirmation of this report were filed upon the grounds that neither the complaint nor the exhibit thereto described the above-mentioned forty-acre tract of land, and that the original precedent

for the decree as approved by the chancellor did not include it.

Upon the hearing of the exceptions the court found that the original mortgage and the note which it secured had been filed with the papers in the case upon the trial of the cause, and that after the decree of foreclosure was rendered the attorney for the defendant prepared a precedent therefor, which was submitted to the attorney for the plaintiff, who discovered that the forty-acre tract was not included. A comparison was made with the original mortgage, which was found to contain the omitted forty-acre tract, and this tract was added to the decree which had been prepared for the chancellor's approval, and, as thus amended, it was approved by the chancellor and delivered to the clerk, who entered it in the records of the court. The report of sale was duly approved, and this appeal has been prosecuted to reverse that action.

In the brief of appellant it is said: ''Of course, the appellants on the hearing of the exceptions to the sale did not direct their proof to the question of how and when the land in controversy was inserted in the original mortgage, for it was then and is now their theory that, notwithstanding the decision of that question, the trial court had no jurisdiction to declare a lien upon the land and order its sale and that the sale should not have been confirmed.'' And the contention is made that the decree ordering the sale and the subsequent confirmation thereof is void because neither was based upon any pleading filed in the cause. Appellants testified that they did not know the forty-acre tract was involved in the suit until a short time before the sale, and that they attended the sale and objected to the offering of this tract.

In support of his position that the court had no jurisdiction to order the sale of the forty-acre tract, counsel cite and rely upon the case of *Falls* v. *Wright*, 55 Ark. 565. It was there said that to constitute jurisdiction three essentials must exist. First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be pres-

ent.   Third, that the point decided must be, in substance and effect, within the issue.   There can be no question about the jurisdiction of chancery courts in foreclosure proceedings; and no contention is made that proper parties are not before the court.   Does the third essential also appear?   This is a proceeding to foreclose the mortgage which described the land in controversy.   Being a suit in equity, the exhibits control the averments of the complaint.   *Swift* v. *Erwin,* 104 Ark. 459, 462, and *Goldsmith Bros.* v. *Moore,* 108 Ark. 362, 364, and cases there cited.

It is said, however, that the exhibit itself did not describe the land.   This is true; but the omission of the above-described forty-acre tract was a mere clerical misprision.   The relief prayed was the foreclosure of a particular mortgage, which correctly described the omitted land, and the action of the court, under the circumstances of the case, in amending the decree which had been prepared for entry of record was tantamount to permission given to amend the complaint or exhibit itself.   A different issue would be presented if we had before us the question whether the mortgage sought to be foreclosed did, in fact, embrace the particular forty-acre tract.   No such issue is involved here or was raised below.   Had formal permission been asked to amend the complaint or the exhibit thereto to correct a clerical omission, the court would, no doubt, have granted that permission.   It would have been proper to do so, and it would put form above substance to now hold that this should have been done before the precedent for the decree was corrected.

Decree affirmed.