SMITH *v.* TURNER.

4-6305 150 S. W. 2d 29

Opinion delivered April 14, 1941.

254

*D. F. Taylor,* for appellant.

*James G. Coston* and *J. T. Coston,* for appellee.

McHANEY, J.  Appellee brought this action against appellants to cancel and remove as a cloud on her title to the SW¼ and N½ SE¼ of section 11-13 N-11 E, Mississippi county, a certain deed issued to appellant, Smith, by the State Land Commissioner on April 4, 1935.  She alleged that she was in possession and had been for fifteen years, and claimed title by a deed from the St. Francis Levee District, dated September 15, 1924, conveying the entire fractional south half of said section and accretions to her mother, Mrs. F. C. Lewis, and that she is the heir of F. C. and Dollie Lewis, now deceased. Title passed from the government to the state under the Swamp Land Grant, was patented to an individual by the state, was forfeited to the state for the non-payment of taxes for the year 1884, were donated by the state to St. Francis Levee District by act 100 of 1893, in which year the levee district had its title confirmed.  It is also alleged that the land again forfeited to the state for the 1914 taxes and that she secured a deed from the state November 28, 1934, and that the sale by the state to Smith in 1935 was based on the assumption that the land conveyed to him was an island formed in the bed of the Mississippi river, a navigable stream, and on the authority of act 282 of 1917, governing the sale of lands formed in the beds of navigable rivers of the state as islands, but that the commissioner had no right to make said

conveyance, because the land conveyed was not an island, and not subject to the "Island Act."

Appellants defended by a general denial, except as to the heirship of appellee. Smith admitted he purchased from the state as alleged and that his deed described part of the S½ of section 11-13 N-11 E, lying outside of the meander lines of the original survey, and certain parts of section 14, same township and range, 179.37 acres, all described in exhibit "C" to the complaint. They alleged that the tax forfeitures for 1884 and 1914, the donation to the levee district and the confirmation decree were all void for the reason that the land in controversy, during all that time, was a part of the bed and main channel of the Mississippi river, belonging to the state, held in trust for the public, and not subject to taxation.

Trial resulted in a decree for appellee to the whole of the S½ of said section 11, if the section lines were extended, containing 320 acres, and her title thereto was quieted and confirmed as against appellants and their deeds were canceled, insofar as the same include lands in said S½ of section 11. There is here a direct appeal and a cross-appeal by appellee from the refusal of the court to allow her to claim accretions south of the 320-acre tract decreed to her.

In 1893, the general assembly enacted act 100 by which it donated to the St. Francis Levee District all the lands owned by the state lying within said district, except the 16th section school lands, and all lands therein it might acquire within five years thereafter, by reason of forfeiture and sale to the state for taxes, with certain restrictions. Section 2 of said act provided that said lands shall be exempt from state and county taxes for a period of five years, if not sooner sold by the district, and that, at the expiration of said term, all lands not previously sold by the district, should be assessed in the name of the district for state and county taxes. In section 3 the levee district was given the same power to confirm the tax sales to lands therein in a court of equity that was then and is now conferred upon individuals who purchase lands at tax sales.

Pursuant to this act, the levee district brought confirmation proceedings and secured confirmation decrees to many tracts of land in said district, including the land in controversy, in 1893. Title to the land here involved remained in the district until 1924, when it was sold to appellee's mother, from whom she inherited, with this exception: that it forfeited to the state for the taxes of 1914 and was purchased from the state and deed issued to appellee's mother November 28, 1934. The confirmation decree of 1893 described the lands as "Fractional south one-half of section 11, township 13 north, range 11 east, 189.14 acres." The deed from the levee district to appellee's mother described the land as: "The fractional south half of section 11, township 13 north, range 11 east, containing 189 acres, with all accretions thereunto belonging." The deed from State Land Commissioner to appellee's mother described the land as: "All of SW¼ and all SE¼, section 11, township 13 north, range 11 east, 187 acres, forfeited for the year 1914." The deed from the Commissioner of State Lands to appellant Smith, dated April 4, 1935, conveyed "all that part of the S½ of section 11, township 13 north, range 11 east, lying outside the meander lines of the original survey," and certain parts of section 14, 179.37 acres. All these deeds were attached as exhibits to the complaint.

One complaint of appellant against the court's decree is that it awarded to appellee more land than she claimed in her complaint. The allegation was that she owned the SW¼ and N½ of the SE¼ of section 11, whereas the decree awarded her the whole S½ of said section. This allegation of the complaint was evidently an error of the pleader as his muniments of title attached to the complaint as exhibits call for more land. The deed from the levee district calls for the fractional south half "with all accretions thereunto belonging," and the deed from the state calls for "all of SW¼ and all SE¼" which is all the south half of said section. It is well settled that, in suits in equity, the exhibits control the averments of the complaint. *Blasingame* v. *Lowdermilk*, 132 Ark. 542, 201 S. W. 807, or the complaint will be considered as

amended to conform to the proof. *Davis* v. *Goodman*, 62 Ark. 262, 35 S. W. 228.

Appellants also contend that the title never did pass to the levee district by act 100 of 1893, for two reasons: one, that the land did not forfeit for the taxes of 1884, because the clerk testified his records did not show it; and two, that the land was in the bed of the Mississippi river at the date of said act and belonged to the state not as tax forfeited land, but as the bed of a navigable river.

As to the first proposition, the fact that the records of the clerk did not show the forfeiture for the taxes of 1884 would not be sufficient to overcome the records of the State Land Office which showed the contrary. The confirmation decree of the chancery court in 1893, quieting and confirming the levee district title in it, we think forever settled the question of whether there was a forfeiture and sale to the state for the taxes of 1884. As said by Judge HART in *Avera* v. *Banks*, 168 Ark. 718, 271 S. W. 970, "the decree is regular on its face, and every question with respect to the assessment of the land in controversy, or the nonpayment of taxes, or the regularity of the proceedings of the sheriff and collector, is concluded by it." Citing *Worthen* v. *Ratcliffe*, 42 Ark. 330, and *Cocks* v. *Simmons*, 55 Ark. 104, 17 S. W. 594, 29 Am. St. Rep. 28.

As to the second proposition, that the land was in the bed of the river, it appears to us that the fact of assessment, forfeiture and sale to the state for the taxes of 1884, as also the donation and confirmation to the levee district in 1893, are strong and cogent circumstances tending to show, if not conclusively establishing, that the land was in place on said dates and not in the bed of the river. Even conceding that said land, or a portion of it had caved in the river, we can see no good reason why the gift from the state to the levee district did not grant such a title as would ripen into being when the land emerged from its subsidence in the river.

But, even if it be conceded that appellee's title based on the levee district deed of 1924 failed, still, the deed from the state in 1934, based on a forfeiture and sale

for the taxes of 1914, conveyed a good title. That forfeiture is nowhere attacked because of any irregularity in the forfeiture and sale to the state. The presumption is that the state had a good title. The act donating the state's land to the levee district provided it should be exempt from state and county taxes for five years, if title remained in it for that period, but thereafter should be assessed to the district. It must have been so assessed for the year 1914 and, the tax not having been paid, was forfeited to the state, where it remained until 1934 when it was purchased from the state by appellee's predecessor, the deed conveying all the S½ of section 11.

We are, therefore, of the opinion that appellee acquired title to the whole of said south half and that the court did not err in so holding. And we are also of the opinion that the court correctly limited her title to said south half of section 11, in view of the deeds in her chain of title and all the other facts and circumstances shown in this case. The decree will be affirmed both on appeal and cross-appeal.