MURREY v. LITTLE ROCK CHAMBER OF COMMERCE.

## Opinion delivered June 24, 1918.

1. EQUITY PRACTICE—EXHIBITS CONTROL COMPLAINT, WHEN.—Under the practice in equity, an exhibit will control averments of the complaint and the nature of the cause of action.

2. CONTRACTS—SUBSCRIPTION CONTRACT.—Appellant entered into a contract with appellee agreeing to pay to it a certain sum in a certain manner, and to receive in return a deed to a lot in a certain locality. Appellant made a small payment and thereafter failed to make further payments. These facts were set forth in the complaint, to which the contract was attached as an exhibit. *Held*, a demurrer to the complaint was properly overruled.

Appeal from Pulaski Chancery Court; *Jno E. Martineau*, Chancellor; affirmed.

*Gordon Huffmaster*, for appellant.

1. The demurrer should have been sustained. The complaint is defective. Kirby & Castle's Digest, § 7533, subd. 3, 7538; 41 Ark. 42. It does not allege performance of the conditions in the contract. It is a mere gratuitous subscription and no consideration is alleged. 132 Ark. 361. The condition was a condition precedent. Kirby & Castle's Digest, § 7572. No allegation of performance is made. 30 Ark. 186; 84 Pa. St. 388; 64 *Id.* 627; 93 *Id.* 472.

2. Material allegations omitted in a complaint can not be supplied by an exhibit attached. Kirby & Castle's Digest, § 7576; Newman on Pl. & Pr. 250; 14 B. Mon. 84; *Ib.* 254; 169 S. W. 747; 41 Ark. 42-44.

3. The complaint does not allege facts sufficient to constitute a cause of action for specific performance. 68 Ark. 263; 61 *Id.* 272; 48 *Id.* 272. See also 78 Ark. 575; 71 *Id.* 185; 76 *Id.* 578; 78 *Id.* 333; 95 *Id.* 92.

*W. B. Smith* and *Jno. P. Streepey*, for appellee.

1. The complaint is sufficient. 132 Ark. 361.

2. The exhibit is part of the complaint. 104 Ark. 459-462; 108 *Id.* 503-5.

3. It is sufficient to enable appellee to foreclose. 132 Ark. 361; 75 Ark. 410; 87 *Id.* 393.

The Little Rock Chamber of Commerce brought this suit in equity against T. P. Murrey to recover upon a subscription contract, and, inasmuch as the sole issue raised by the appeal is as to the sufficiency of the complaint, we will set it out in full. It is as follows:

"Comes the plaintiff by its solicitor, John P. Streepey, and for cause of complaint against the defendant herein, alleges:

"That it is a corporation organized and existing under and by virtue of the laws of the State of Arkansas, and has its principal office in the city of Little Rock, Pulaski County, in said State; and that on......... day of January, 1913, defendant made and entered into a contract with plaintiff, whereby he agreed to purchase from the plaintiff the following described property, located in the county of Pulaski and State of Arkansas, towit:

"Tract 6, Army Post Addition to the City of Little Rock, Arkansas.

"Under the terms of said contract he bound himself to make monthly payments thereon, and, in the event he failed or neglected to do so, plaintiff should have the option to declare said contract forfeited; that plaintiff paid $12.50 on said contract on the 6th day of January, 1913, and has failed and neglected to make any further payments thereon; that there is now due on said contract the sum of $237.50; that demand has been made upon plaintiff to pay same and he has neglected and refused to do so; that said amount is long past due; that a copy of said contract is attached hereto as a part thereof, marked 'Exhibit A.'

"Wherefore, plaintiff prays for judgment against the said T. P. Murrey and ........................................ Murrey, his wife for $237.50, with interest at the rate of 6% per annum from this date until paid; that the equity of redemption and all right, claim or title of the said T. P. Murrey and ........................ Murrey, his wife, be foreclosed and forever barred; that, upon default in the payment of said judgment within the time specified by the court, the

above described property shall be ordered sold upon the terms, manner and notice to be fixed by the court; that a special commissioner be appointed to carry out the decree of the court herein foreclosed and all other and proper relief.''

The court overruled a demurrer to the complaint. The defendant declined to plead further, and the cause was considered by the court on the complaint of the plaintiff and the contract which was made an exhibit thereto, and which will be more particularly explained in the opinion.

The court entered a decree in accordance with the prayer of the complaint, and the defendant has appealed.

HART, J., (after stating the facts). The contract which was made an exhibit to the complaint is the foundation of the suit. It was executed on the first day of January, 1913, and recites the execution of a prior contract between the Little Rock Chamber of Commerce and T. P. Murrey entered into on the 29th day of January, 1912. The contract of that date which is recited in the contract sued on is in all essential respects similar to the contract which was sustained in the case of *Byington* v. *Little Rock Chamber of Commerce*, 132 Ark. 361, and reference is made to the opinion in that case for a copy of it. The original contract contained a provision that the purchase of the property is made by the subscriber upon the condition that the Little Rock Chamber of Commerce makes a sale of the property acquired by it for industrial and development purposes to the aggregate amount of $200,000.

It is insisted by counsel for the defendant that the complaint is defective because it does not allege that this condition has been complied with by the plaintiff. The contract sued on recites that in fulfillment of the contract of subscription, the Little Rock Chamber of Commerce has sold to T. P. Murrey the property described in the complaint for the price of $250. It also recites

that the Little Rock Chamber of Commerce has had the real property acquired by it for industrial and development purposes appraised by a committee appointed for that purpose pursuant to the terms of the subscription contract and that T. P. Murrey has selected the property appraised at the amount of his subscription. Thus it will be seen that the contract sued on goes further than the contract involved in the case of *Byington* v. *Little Rock Chamber of Commerce, supra.* The contract sued on contains a provision in which the Little Rock Chamber of Commerce bargains and sells to Murrey certain specific real estate for a designated price. This contract is complete in itself and is sufficiently definite and certain to sustain the present action if no reference had been made to the original subscription contract. When the whole contract is considered, however, it shows that the parties recognized that the contract sued on was executed pursuant to the provisions of the original subscription contract.

This is a suit in equity, and the contract which is made an exhibit to the complaint is the foundation of the action. Under our rules of practice, the exhibit will control averments of the complaint and the nature of the cause of action. *Swift* v. *Erwin,* 104 Ark. 459, and cases cited; *Cox* v. *Smith,* 99 Ark. 218, and *McMillan* v. *Morgan,* 90 Ark. 190. The contract contained an acceleration clause providing that upon default of any installment the whole debt should become due. The complaint contains an allegation that the whole debt had become due and that the defendant had neglected and refused to pay the same. In other words, according to the allegations of the complaint the defendant had wholly failed to perform and carry out the contract which he had entered into with the plaintiff. Upon his demurrer to the complaint being overruled, he declined to plead further and the court properly entered a decree in favor of the plaintiff.

The decree will be affirmed.

HART, J., (on rehearing). It is earnestly insisted by counsel for appellant that, under the terms of the contract, the appellant might abandon his contract of purchase at any time he chose to do so. The provision referred to is as follows:

"Now, upon the payment of the above designated installments at the time and in the manner therein set forth, the said party of the first part obligates itself, successors and assigns, to convey to said party of the second part the land hereinbefore described. But if the purchase money for said land is not paid at the time and in the manner herein specified, upon the second default made in said payments, all of said installments remaining unpaid shall at once become due and payable, and the obligation resting on the party of the first part shall become null and void, and the money therefore paid on account of the said purchase shall remain with and be the property of the party of the first part, and shall be considered as so much rent paid by said party of the second part for the use of said property from the date of this instrument to the date of such default in payment; but nothing herein contained shall release the party of the second part from his obligation to pay the balance owing by him on his subscription contract, notwithstanding such default on his aforesaid purchase contract, and in case of default, as above, the party of the first part shall have at once a right of action upon the subscription contract against the party of the second part for the balance owing thereon, without any obligation resting upon it to further perform its contract by conveying to the party of the second part the real estate above described."

The contention of counsel for appellant is not sound for two reasons. In the first place the contract provides that upon the second default made in the payments, the obligation resting on the party of the first part shall become null and void and the money theretofore paid on account of said purchase shall remain with and be the property of the first party, and shall

be considered as so much rent paid by the party of the second part. Now, the Little Rock Chamber of Commerce is the party of the first part, and Murrey is the party of the second part. This stipulation in the contract was for the benefit of the Chamber of Commerce, and it had the right to waive it if it chose to do so. Therefore the original opinion, instead of being in conflict with the cases of *Ish* v. *Morgan, McRae & Co.,* 48 Ark. 413, and *Murphy* v. *Myar,* 95 Ark. 32, is in accord with them.

Again it will be noticed that the stipulation above referred to provides that nothing in the contract shall release Murrey from his obligation to pay the balance owing by him on his subscription contract and that in case of default the Chamber of Commerce shall have a right of action against him upon the subscription contract without any obligation resting upon it to further perform the contract by conveying the real estate to him.

It follows that the motion for rehearing will be denied.