### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ARKANSAS,

#### AT THE

## JUNE TERM, A. D. 1869.

---

### WOODRUFF v. TILLY.

CONFEDERATE MONEY. Leach v. Smith, 25 Ark. *Affirmed.*
The *act of March 5, 1867,* allowing defendants to set up and prove by parol different agreements from those imported by the instrument sued on, is *unconstitutional* and void.

#### *Appeal from Washington Circuit Court.*

Hon. WILLIAM STORY, Circuit Judge.

WATKINS & ROSE, for appellants.

L. GREGG, for appellee.

WILSHIRE, C. J.

At the August term of the Washington county circuit court, Martha E. Tilly, as administratrix of John Tilly, brought suit against Benjamin E. Woodruff and Joseph D. Henderson, on a writing obligatory, executed by them on the 25th day of May, 1863, payable to John Tilly.

The defendant, Woodruff, pleaded one plea in bar, alleging "that the consideration for the execution of the writing obligatory, sued on, was a lot of mules and one filly, property sold and delivered by said John Tilly to said defendants; and, although not specified in said writing obligatory, it was, at the time of the purchase of said property, to wit: on the 25th day of May, 1863, and at the time of the execution and delivery of said writing obligatory, agreed and intended, and was the understanding by and between the said defendant and said John Tilly, that said writing obligatory should be paid off and discharged, dollar for dollar, in the money or currency issued by the authority of the Confederate States, known as "Confederate money;" which agreement, or understanding, it is alleged, was in parol. The plea also averred that the money or currency issued by authority of the Confederate States, known as Confederate money, was worth, at the time of the execution of the writing obligatory, sued upon, &c., "no more than twelve cents on the dollar in gold and silver."

The plaintiff demurred to the plea of Woodruff, in short, upon the record, and, by leave of the court, dismissed as to Henderson, it appearing that no service had been had on him.

The court below sustained the demurrer, and the defendant, Woodruff, refusing to plead further, but electing to stand upon his plea, the court below rendered judgment in favor of the plaintiff, against defendant, Woodruff, for the sum of $1,600 debt, and $678$\frac{20}{100}$ damages, and the defendant appealed to this court.

The only question presented for the determination of this court is that raised by the demurrer. It is evident that the defendant, Woodruff, by his plea, sought to avail himself of the defense attempted to be created by the act of the General Assembly of March 5, 1867, which was to allow defendants in this class of cases to set up, as a defense to written contracts, other and different contracts than those imported by the instrument on which suit is brought. The case of *Leach v. Smith*, decided at the last term of this court, presented the same ques-

tion.    In that case it was held by the court that the act of the General Assembly of March 5, 1867, (*Laws of* 1866–7, *page* 195,) allowing defendants to set up and prove, by parol testimony, other and different contracts and agreements than those the instruments sued upon imported, was unconstitutional and void, as impairing the obligation of contracts.

We think the court below properly sustained the demurrer; and, finding no error in the record, the judgment is in all things affirmed.

Judge GREGG, being disqualified, did not sit in this case.

Hon. JOHN WHYTOCK, Special Supreme Judge.