## WEIL *v.* LESTER.

### Opinion delivered March 14, 1910.

1. EVIDENCE—PAROL EVIDENCE TO EXPLAIN WRITING.—Where plaintiff undertook by written contract to furnish a credit guide for "the Hot Springs district," it is competent to prove by parol evidence what territory was to be included in that district. (Page 196.)

2. CONTRACT—TO FURNISH CREDIT GUIDE—DEFENSE.—Where plaintiffs seek to recover for a credit guide which it was agreed should contain "the names, addresses and general credit standing of all who purchased goods" within a certain territory, it was admissible, for the purpose of showing the incompleteness of the guide furnished, to show the percentage of people whose credit rating appeared in the published guide, as compared with those doing business in a certain city in such territory. (Page 197.)

3. SAME.—In a suit to recover the purchase price of a credit guide, which plaintiffs agreed should contain the names and addresses and general credit standing of all who purchased goods within a certain territory, it is a good defense that the guide does not contain the names of such persons, and that plaintiff made no reasonable effort to obtain such information for the benefit of its subscribers. (Page 197.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*Wm. G. Bouic,* for appellant.

1. Ignorance of some stipulation in the contract is no ground for setting it aside. The mistake of the party, being due to his own carelessness or inattention, is no defense. Lawson on Cont., p. 234; 11 Tex. 211; 60 Am. Dec. 234.

2. Parol testimony to vary a written contract is inadmissible. 4 Ark. 179; 5 Ark. 651-672; 15 *Id.* 543; 24 *Id.* 210, 251; 21 *Id.* 69; 66 *Id.* 445; 67 *Id.* 62; 71 *Id.* 185, 289; 1 Greenl. on Ev., § § 275-9.

*C. V. Teague,* for appellee.

1. No sufficient abstract was filed herein. 57 Ark. 304; 59 Ark. 547; 82 Ark. 1.

2. The instructions are not set out in full. 85 Ark. 123; 84 Ark. 552; 86 Ark. 570.

3. No motion for new trial is mentioned in the abstract or brief. 78 Ark. 374; 55 Ark. 547.

McCULLOCH, C. J. This is an action instituted by Weil and Hankins, as partners under the firm name and style of Arkansas

Retail Credit Men's Association, to recover from appellee, Lester, the sum of $25, alleged to be due on a contract for the subscription price of a publication called the "Credit Guide" for 1908. A trial in the circuit court on appeal from a justice of the peace resulted in a verdict and judgment for appellee. There was a written contract between the parties in which two clauses material to the disposition of this case appear, as follows:

"The party of the first part, conducting a general mercantile agency business, agrees as follows, towit: First, to furnish its subscribers with what will be known as the Hot Springs District Credit Guide, which shall contain the names, addresses and general credit standing of all those who purchase goods in said district, as furnished by its subscribers * * *

"In consideration of the foregoing, the party of the second part agrees also as follows: First, to furnish to the party of the first part, within thirty days, a full and complete list of all his customers, rated as indicated by a cipher key furnished him by the said association. Second, to report promptly on all payments made to him direct. Third, for and in consideration of the conditions specified in the above contract, the party of the second part obligates himself or themselves to pay to the first party, known as the Arkansas Retail Credit Men's Association, the sum of $25, payable as follows: upon the delivery of the Credit Guide for 1908."

The first assignment of error is as to the ruling of the court in allowing a witness named Bradfield to testify concerning representations made, in the absence of appellee, by the agent of appellants as to what territory was to be included in the Hot Springs District mentioned in the contract. This was competent evidence. The term "Hot Springs District," used in the contract is indefinite, and it was necessary to show what territory it was understood to cover. Appellee gave testimony himself as to what territory was considered to be embraced in the term "Hot Springs District"—that it was to include the people of Montgomery, Saline and Hot Spring counties who traded in the city of Hot Springs. It was not erroneous to prove the same thing by witness Bradfield, even though the testimony included statements made in appellee's absence. The question was, what territory was included in the contract; and, the language of the

contract being indefinite, it was competent to show by the statements of appellant's agents to their subscribers what territory was to be included. The contract was evidenced by a joint subscription list, signed by a large number of merchants in the city of Hot Springs, wherein it was agreed that all should contribute information for publication as to the rating of customers in the specified district. In order to ascertain whether or not the contract had been complied with, it was necessary to show what territory was to be included, and the statement of appellant's agents made at the time to any of the subscribers was competent for that purpose. Such testimony did not vary nor contradict the terms of the written contract, and the statements made in the absence of appellee were not objectionable as hearsay.

Another assignment of error is that of admitting evidence as to the percentage of people whose credit rating appeared in the published guide, as compared with those doing business in the city of Hot Springs. This evidence was competent for the purpose of showing whether or not appellants had complied with the contract by publishing a credit guide which contained "the names, addresses and general credit standing of all those who purchase goods in said district, as furnished by its subscribers."

The following instruction was objected to, and the ruling of the court in giving it is assigned as error: "3. You are instructed that if the plaintiff agreed with the defendant and others to include in the Hot Springs District Credit Guide the names of the persons residing in Montgomery and Saline counties who traded with the merchants in Hot Springs, and the said book does not contain the names of such persons, and the evidence fails to show that plaintiffs made any reasonable effort to secure such information for the benefit of its subscribers, then you will find for the defendant."

This was a correct instruction, and is in line with the views we have already expressed. If appellants undertook to publish a guide including the names of persons in the territory specified in the contract, and failed to do so, they cannot recover.

Judgment affirmed.