## Cox *v.* Smith.

### Opinion delivered May 8, 1911.

1. PLEADING—EXHIBITS TO BILL IN EQUITY.—In suits in chancery the exhibits which are the foundation of the action become a part of the record and will control the averments of the complaint and the nature of the cause of action; and all other allegations in the complaint are matters which are only explanatory of the cause of action which is founded upon such exhibits. (Page 221.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF JUDGMENT ON FORMER APPEAL.—The principles of law determined and announced upon a former appeal are binding, and stand as the law of the case. (Page 222.)

3. EVIDENCE—WRITTEN CONTRACT—PAROL PROOF OF CONSIDERATION.—It is competent to prove by parol testimony the consideration upon which a written contract is founded, and to show that the consideration has not been paid as recited in the written instrument, or that other consideration was agreed upon; but this can be done only in cases where such parol testimony would not contradict the terms of the written contract. (Page 223.)

4. SAME—PAROL EVIDENCE TO VARY WRITTEN CONTRACT.—Where a written contract is plain, unambiguous and complete in its terms, parol evidence is not admissible to contradict or to vary or add to its terms, as by providing that the contract is not to take effect until the performance of certain conditions. (Page 223.)

5. APPEAL AND ERROR—TRIAL IN EQUITY DE NOVO.—As hearings upon appeal in chancery are *de novo,* evidence that was improperly received, whether objected to below or not, will be disregarded, and the case will be decided here solely upon competent evidence. (Page 225.)

Appeal from Scott Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*A. G. Leming,* for appellant.

1. Appellee will not be permitted to vary or contradict the contract by parol testimony.  73 Ark. 431, 432; 71 Ark. 185, 188.

2. The court erred in holding that time is not the essence of the contract.  93 Ark. 375.

*Carmichael, Brooks & Powers,* for appellee.

1. The issue in this case must be the whole transaction as made up by the complaint, the bond as an exhibit thereto, and the testimony taken in the case.  "When parties accept pleadings as raising issues and go to trial upon them, it is too late to make objections here."  35 Ark. 109-111; 33 Ark. 107-116; 47 Ark. 493.  Appellant having brought his suit alleging a "conceived plan" and the plan having been admitted and testimony having been taken on that issue, the chancellor's findings on the issues made are conclusive.  91 N. E. 173; 129 S. W. 469; 130 S. W. 169; 85 Ark. 223.

2. Where the parties elect to let all the testimony go in, and the court's attention is not called to any objection, then all testimony that might be relevant to the pleadings as made up by the parties becomes competent, and any technical objections that might have been made are waived.

3. The introduction of the testimony does not violate the parol evidence rule.  4 Wigmore on Evidence, § 2431; 102 Me. 128; 10 Am. & Eng. Ann. Cases 1022; 120 Am. St. Rep. 463; 75 Ark. 89; 55 Ark. 112, 114; Page on Contracts, §1197; 27 Ark. 510.

FRAUENTHAL, J. This was an action instituted by W. R. Cox, the plaintiff below, seeking to recover from the defendant the sum of $300 and to have the same declared a lien on a lot situated in the town of Waldron. The suit was founded upon a written instrument executed by the defendant, which was made an exhibit to the complaint. The writing is as follows: "Know all men by these presents:  I, H. N. Smith, of Waldron, Arkansas, am held and firmly bound unto W. R. Cox, of Waldron, Arkansas, in the sum of $300 in lawful money of the United States of America, conditioned, however, as follows:  Whereas

the said H. N. Smith has this day purchased of the said W. R. Cox a part of lot 1, block 6, in the original donation of the town of Waldron, being 27½ feet by 100 feet on the south side of said block, and has agreed to build thereon a brick house two stories high, 60 or 80 feet long, the north wall of said house to be built on the line of said lot, nine inches on one side of said line and nine inches on the other side of said line, the said wall to be built on or before the first day of October, 1908. Now, if the said H. N. Smith shall build or cause to be built said wall by said date, this obligation shall be void; otherwise to remain in force and effect. * * * Said W. R. Cox shall have a lien on said lot for the payment of said sum of $300. Witness my hand this, the 21st, day of February, 1907. H. N. Smith."

It was alleged in the complaint that the plaintiff was the owner of four lots in said town and sold one of them to the defendant for $550, which was to be paid as follows: $250 in cash, and for the balance defendant agreed to build a partition wall which should stand partly upon the lot purchased by him from plaintiff and partly on the adjoining lot owned by the plaintiff and be used by both; that plaintiff thereupon executed to defendant a deed for the lot so sold to him, in which the consideration was named at $250 and as paid. At the same time the defendant executed to plaintiff the above instrument. It was further alleged that the defendant had wholly failed and refused to build said wall, and had failed to pay said $300.

To this complaint the defendant interposed a demurrer, which was sustained by the lower court; and an appeal was thereupon taken by the plaintiff from said ruling to this court. On that appeal we held that "the complaint, with every reasonable inference to be drawn therefrom, set forth an indebtedness due by the defendant, and that such indebtedness had matured, and that for the payment thereof he had an equitable lien upon said lot," and that the complaint set forth a good cause of action. *Cox* v. *Smith,* 93 Ark. 371.

Upon the case being remanded the defendant filed an answer, in which he admitted the execution of the above written instrument, but denied that it was given as a part of the purchase money of said lot. He alleged, in substance, that the plaintiff owned a block of land in the town of Waldron, containing four

lots, one of which was the lot purchased by the defendant; that the plaintiff agreed to build upon the remaining lots brick houses in the event the defendant should build a brick house such as is described in the above instrument upon the lot which plaintiff sold to him, and that upon the condition that the plaintiff would thus build upon the remaining lots defendant executed the above written instrument which, it is claimed, is a bond by which he simply obligated himself to build upon the lot purchased by him the said brick building in such event; and he alleged that the plaintiff had failed and refused to erect upon said remaining lots said buildings, and that on this account he was not indebted to the plaintiff in any sum.

Upon a trial of the case the chancellor found that the plaintiff was the owner of four lots upon which he contemplated having buildings erected, and that at the time he sold one of said lots to defendant he laid before him his intention of building on the remaining lots; that while he sold the lot to defendant with the agreement that the defendant should build thereon a two-story brick house, with a party wall partly on the adjoining lot retained by the plaintiff, yet it was with the understanding and upon condition that the plaintiff should erect similar buildings upon the remaining lots before the defendant would be bound to build upon the lot which he bought. He found that the written agreement into which the parties had entered did not contain all the terms of the contract. He held that said written instrument was only a bond by which the defendant obligated himself to erect upon the lot bought by him a building of the character therein mentioned at such time as the plaintiff should build upon the remaining lots. He held that the defendant was not indebted to plaintiff in any sum, and dismissed the complaint for want of equity, but without prejudice.

It is urged by counsel for the defendant that the written instrument set out above and made an exhibit to the complaint was not the sole basis of the action. It is claimed that in the complaint it was alleged that the plaintiff was the owner of said four lots, and had conceived a plan of having buildings erected thereon, and to carry out that plan had sold one of the lots to defendant with the agreement that he should build thereon, and that the plaintiff would further carry out his plan by having

buildings erected upon the remaining lots; and it is urged that by virtue of this allegation of the complaint this was made one of the issues therein. But we think this action was based upon the written instrument above set forth, which was made an exhibit to the complaint, and is the foundation of the-action. In suits in chancery, the exhibits which are the foundation of the action become a part of the record, and will control the averments of the complaint and the nature of the cause of action. All other allegations in the complaint are matters which are only explanatory of the cause of action which is founded upon such exhibits. *Buckner* v. *Davis,* 29 Ark. 444; *Beavers* v. *Baucum,* 33 Ark. 722; *American Freehold Land & Mtg. Co.* v. *McManus,* 68 Ark. 263; *McMillan* v. *Morgan,* 90 Ark. 190; *Cazort & McGehee Co.* v. *Dunbar,* 91 Ark. 400; *Koons* v. *Markle,* 94 Ark. 572.

The basis of the cause of action in this case was the above written instrument, which was made an exhibit to the complaint; and all other allegations in the complaint, therefore, which are referred to by counsel for defendant are but matters of explanation for the execution thereof, and we do not think that such allegations form either an issue involved in this case or any basis of the cause of action.

Upon the former appeal of this case we held that this instrument sued on was an equitable mortgage. We said: "By its terms the defendant acknowledged himself indebted to the plaintiff in a certain sum. That sum was due upon his failure to do the work and things therein named by the day therein specified. It was not in the nature of a penalty or a forfeiture; but it was a liability founded on a valuable consideration. To secure that debt, the instrument stated that the plaintiff shall have a lien on said lot for the payment of said sum of $300. The manifest intention of the instrument was to fix a charge upon the lot for the payment of said debt." The principles of law determined and announced upon the former appeal are binding, and must stand as the law of this case; and therefore the character of this instrument must be held to be an equitable mortgage, as was determined upon said former appeal. *Porter* v. *Doe,* 10 Ark. 186; *Scott* v. *Fowler,* 14 Ark. 427; *Taliaferro* v. *Barnett,* 47 Ark. 359; *Heard* v. *Ewan,* 73 Ark. 513; *St. Louis, I. M. & S. Ry. Co.,*

v. *Reed,* 92 Ark. 350; *St. Louis, I. M. & S. Ry. Co.* v. *York,* 92 Ark. 554; *Bowman* v. *State,* 93 Ark. 168.

It therefore follows that the cause of action herein sued on is founded upon an instrument which is a written contract, and which we have determined is an equitable mortgage. The rule of law that is applicable to all written instruments must apply to this instrument; and that is, that parol testimony is inadmissible to contradict, vary or add to its terms.

It has been held that parol evidence is admissible to explain some indefinite term in a written contract. *Collins* v. *Southern Brick Co.,* 92 Ark. 504; *Montgomery* v. *Ark. Cold Storage & Ice Co.,* 93 Ark. 191; *Weil* v. *Lester,* 94 Ark. 195.

It has also been held that parol evidence is admissible to add to a written contract some term or provision where the writing, on account of fraud or mistake, does not contain all of the contract. *Barton-Parker Mfg. Co.* v. *Taylor,* 78 Ark. 586; *Main* v. *Oliver,* 88 Ark. 383; *William Brooks Medicine Co.* v. *Jeffries,* 94 Ark. 575.

And a separate independent verbal agreement relating to a matter not embraced in the written contract may be proved by parol testimony. *Ramsey* v. *Capshaw,* 71 Ark. 408; *Burgie* v. *Bailey,* 91 Ark. 383.

Ordinarily, it is competent to prove by parol testimony the consideration upon which the written contract is founded, and to show by such character of testimony that such consideration has not been paid as it is recited in the written instrument, or that other consideration was agreed upon; but this can be done only in cases where such parol testimony would not contradict the terms of the written contract. *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426.

But where the written contract is plain, unambiguous and complete in its terms, it had been uniformly held by this court that parol evidence is not admissible to contradict or to vary or to add to any of its terms. *Roane* v. *Greene,* 24 Ark. 210; *Woodruff* v. *Tilly,* 25 Ark. 309; *Turner* v. *Baker,* 30 Ark. 186; *Anderson* v. *Wainwright,* 67 Ark. 62; *Soudan Planting Co.* v. *Stevenson,* 83 Ark. 163; *Dalhoff Construction Co.* v. *Maurice,* 86 Ark. 162; *Boston Store* v. *Schleuter,* 88 Ark. 213; *Bradley Gin Co.* v. *J. L. Means Mach. Co.,* 94 Ark. 130.

Where the written contract is complete in its terms, it is incompetent to engraft thereon any condition by parol testimony. *Collins* v. *Southern Brick Co., supra; Lower* v. *Hickman,* 80 Ark. 505; *Johnson* v. *Hughes,* 83 Ark. 105.

As is said in the case of *Barry-Wehmiller Mach. Co.* v. *Thompson,* 83 Ark. 283: "Antecedent propositions, correspondence, prior writings, as well as oral statements and representations, are deemed to be merged into the written contract which concerns the subject-matter of such antecedent negotiations when it is free of ambiguity and complete."

The written contract which was sued upon in this case, we think, is complete in its terms and unambiguous, and the sole question involved in this case then is whether or not the allegations made in the defendant's answer, and the parol testimony by which it was sought to sustain those allegations, added to or varied this written contract. If it did, then such testimony was not competent to defeat this written contract, and the defense set up would therefore not be available. The allegations which were made by the defendant in his answer, and the testimony by which he offered to sustain those allegations, in effect stated that this written contract was executed by the defendant upon the condition that certain things were first to be performed and done by the plaintiff before it should be effective. This not only added a new term to the written contract, but we think tended to contradict and vary its terms by showing that in fact it should not be effective without the performance of certain conditions not contained in the written contract. We are therefore of the opinion that it was not competent to introduce said parol testimony.

We do not think that this holding is contrary to any principle announced in the case of *Kelly* v. *Carter,* 55 Ark. 112. In that case there was no attempt to defeat the contract that was sued upon, but simply to enforce a parol agreement which it was alleged had been made as a part of the consideration of the written contract which was entered into. In the case at bar it is attempted by parol evidence to defeat the written contract which is the basis of the suit. The sole purpose and effect of the introduction of the parol testimony in this case was to defeat the enforcement of this written contract by showing that it should

not take effect until the performance of certain conditions by plaintiff. This, we think, would contradict and vary the terms of this written instrument, which, under the law, cannot be done.

It is urged by counsel for defendant that objection to the introduction of this parol testimony was not made by the plaintiff in the lower court, and on this account should not be considered here. But chancery cases are tried upon appeal *de novo.* It is presumed that the chancellor heard the case only upon evidence that was competent and relevant to the issues made. Upon appeal in chancery cases errors which relate to rulings upon the introduction of evidence will not be passed upon; but in the trial of such chancery cases upon appeal any evidence that was improperly excluded below will be considered, and evidence that was improperly received will be disregarded, and the case will be decided here solely upon competent evidence. *Niagara Fire Ins. Co.* v. *Boon,* 76 Ark. 153; *Latham* v. *First Nat. Bank of Ft. Smith,* 92 Ark. 315.

It follows, therefore, that all of the parol testimony introduced upon the trial of this case below by the defendant relative to the condition upon which he signed the written instrument sued on was incompetent and therefore inadmissible. As was held by this court upon the former appeal of this case, the instrument sued on was an equitable mortgage. By its terms the defendant acknowledged himself indebted to plaintiff in a certain sum. This sum was to be paid in work of a certain character by a certain date, and, if not paid in that way, defendant was due the plaintiff the amount therein named. For the payment of that sum he gave a lien upon the lot described in the complaint. According to the undisputed testimony, defendant has failed to do the work mentioned in said instrument by the day therein named, and he has not shown by any competent testimony any valid defense to the payment of the indebtedness mentioned therein. The court therefore erred in its decree dismissing the complaint. The decree will be reversed, and this cause will be remanded with directions to enter a decree in favor of plaintiff in accordance with this opinion.

HART, J., dissents.