IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 12, 2000 Session

## NEXT GENERATION, INC., v. WAL-MART, INC., d/b/a SAM'S WHOLESALE CLUB

**Direct Appeal from the Circuit Court for Davidson County**
**No. 96C-1068   Hon. Thomas W. Brothers, Circuit Judge**

**No. M2000-00114-COA-R3-CV - Filed February 5, 2001**

## OPINION DENYING PETITION FOR REHEARING

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Appellants have filed a Petition for Rehearing, and insist that our Opinion is in conflict with Ark. Code. Ann. §4-2-202 (Arkansas' parol evidence rule), because they interpret that statute as providing that a written document/agreement can be integrated/final with respect to only the terms contained therein, but yet not be a complete integration or a final expression of the parties' "whole" agreement.  Appellants cite no authority for this position.

The Arkansas Supreme Court has explained Arkansas' parol evidence rule as follows:

No rule of law appears to be better settled than that where a written contract is plain, unambiguous and **complete in its terms**, parol evidence may not be permitted to contradict, vary or add to any of its provisions. In *Cox v. Smith*, 99 Ark. 218, 138 S.W. 978, 980, this court used this language: '* * * the cause of action herein sued on is founded upon an instrument which is a written contract, * * *. The rule of law that is applicable to all written instruments * * * is that parol testimony is inadmissible to contradict, vary, or add to its terms. * * * where the written contract is **plain, unambiguous, and complete in its terms**, it has been uniformly held by this court that parol evidence is not admissible to contradict or to vary or to add to any of the terms of a written contract. (Citing many cases) Where the written contract

is **complete** in its terms, it is incompetent to engraft thereon any condition by parol testimony. * * * Antecedent propositions, correspondence, prior writings, as well as oral statements and representations, are deemed to be merged into the written contract which concerns the subject-matter of such antecedent negotiations when it is **free of ambiguity and complete**.* * * When a written instrument contains such terms as import a **complete obligation**, which is definite and unambiguous, it is conclusively presumed that the **whole agreement** of the parties, and the extent and manner of their undertaking, were reduced to writing. In such cases, the instrument is in the nature of a contract, and cannot be varied or contradicted by parol evidence in the absence of fraud or mistake.'

*Jeter v. Windle*, 319 S.W.2d 825, 826-827 (Ark. 1959)(emphasis added).

Thus, the appellants' argument is contra to the weight of the cases which have construed Arkansas parol evidence rule as requiring a complete, whole, and unambiguous agreement to be contained in the writing for the writing to be considered a final expression. If the written document is not complete in all of its terms and does not embody the whole agreement, it is simply not a final expression pursuant to the statute and case law.

In this case, it is clear that neither the commitment letter nor the vendor agreement was intended to be a final expression of the parties' whole agreement, because neither is complete in its terms, and neither would be considered unambiguous standing alone. Moreover, the parties testified that these writings did not contain their whole agreement, and there is no support in the record for the appellants' argument that these written documents were final expressions as required by the statute and the case law.

We note that the evidence (regarding an alleged agreement to only purchase 200 units) which appellants now object to the jury having heard was introduced by appellants. The testimony of Ray Murski was taken by deposition and was read to the jury by appellants.

Appellants also argue that Murski and Sharon Kidd testified that any agreements regarding marketing should have been contained in the vendor agreement, but appellants seriously mischaracterize this proof. There was dispute about this point from the other witnesses, and a review of the vendor agreement does not support this position. Appellants further argue that because the vendor agreement provided that any changes thereto had to be in writing, this somehow made their proposed instruction which stated that any change to any written document would have to be in writing valid and proper. The proffered instruction did not just pertain to the vendor agreement, but rather to all written contracts, and was simply too broad. Further, the oral terms regarding marketing which the parties testified to were not inconsistent with and did not change anything in the vendor agreement, because the vendor agreement did not address marketing responsibilities.

The court's supplemental jury instruction answered the questions posed in a proper and legally correct manner, and apparently dispelled any confusion the jurors may have had. For the

foregoing reasons, we deny the appellants' Petition for Rehearing.

_____
HERSCHEL PICKENS FRANKS, J.