IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2006 Session

# MOSS SERVICE & SUPPLY, INC., v. TOMMY F. GRAGG, JR., ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2003C-369      Thomas E. Gray, Chancellor**

---

**No. M2005-02587-COA-R3-CV - Filed on February 6, 2007**

---

The defendants, homeowners, appeal an adverse jury verdict wherein the plaintiff, a heating, ventilation and air conditioning contractor, was awarded breach of contract damages plus discretionary costs. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Alan Mark Turk, Brentwood, Tennessee, for the appellants, Tommy F. Gragg, Jr., and Rhonda E. Gragg.

Philip C. Kelly and Gwynn K. Smith, Gallatin, Tennessee, for the appellee, Moss Service & Supply, Inc.

### OPINION

Tommy F. Gragg and wife Rhonda E. Gragg, the defendants and counter-claimants, are homeowners. They contracted with Moss Service & Supply, Inc., to install a heating and air conditioning system in a new home they were constructing. Tommy Gragg designed the almost 9,000 square foot house and acted as the general contractor. The parties entered into a written contract on Oct. 17, 2002, for $18,000. For that price Moss was to provide materials, including duct work, electrical and digital thermostats, and condensate lines, and labor to install a system comprised of three Carrier 410A Puron natural gas units, two 111,600 output furnaces and one 9200 furnace.

The written contract provided that "The units are high efficiency 13.0 SEER condensing units."[1] After the system was installed, the units received a rating of "12 SEER," and the Graggs complained the system did not perform satisfactorily for a variety of reasons.

After months of discord, Moss advised the Graggs the work was complete and submitted its bill for the contract amount of $18,000. When Moss made demand for payment on October 8, 2003, the Graggs refused to remit payment, contending the work was neither complete nor workmanlike. Following a period of additional conflict and disagreement, Moss filed a materialman's lien and a Complaint for breach of contract, demanding payment and enforcement of its lien. The Graggs filed an Answer denying liability and a Counterclaim for breach of contract. The case went to trial following which a jury found in favor of Moss and awarded Moss the contract price of $18,000, plus $1,728 in pre-judgment interest, for a total judgment of $19,728.

The Graggs filed a Motion for New Trial in which the only relief sought was for the trial court to "independently weigh the evidence, make a determination that the evidence preponderates against the verdict, and order a new trial." The Motion for New Trial raised no errors and presented no issues to the trial court other than the general request the trial judge act as the thirteenth juror. The trial court denied the Motion for New Trial, and this appeal followed.

The Graggs present four issues, with nine additional sub-issues, for our review; however, the only issue presented to the trial court in the motion for a new trial constituted a challenge to the sufficiency of the evidence upon which the jury returned a verdict in favor of Moss, finding that the Graggs, not Moss, breached the contract.

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Tenn. R. App. P. 3(e).

The Tennessee Rules of Appellate Procedure provide that relief need not be granted to a party that fails to take whatever action is reasonably available to prevent or nullify the harmful effect of error in the trial court. *See Alexander v. Armentrout,* 24 S.W.3d 267, 272 (Tenn. 2000) (citing Tenn. R. App. P. 36). Therefore, the scope of our review shall be limited to the only issue presented in the Motion for New Trial, the sufficiency of the evidence upon which the jury returned a verdict finding the Graggs breached the contract.

---

[1] SEER is an acronym for Seasonal Energy Efficiency Rating. The SEER rating pertains to energy costs and not the output of the unit.

This case was decided by a jury. Findings of fact by a jury in civil actions shall be set aside only if "there is no material evidence to support the verdict." Tenn. R. App. P. 13(d). In reviewing the evidence presented to a jury, we may not weigh the evidence or make our own credibility determinations. *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994) (other citations omitted). When a record contains material evidence supporting a verdict, the judgment based on that verdict will not be disturbed on appeal. *Alexander,* 24 S.W.3d at 273-74 (Tenn. 2000) (citing *Reynolds*, 887 S.W.2d at 823; Tenn.R.App.P. 13(d)). Additionally, we must take the strongest legitimate view of the evidence that favors the verdict, disregard all contrary evidence, and allow all reasonable inferences to sustain the verdict. *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 704 (Tenn. 2000). Only if we determine that the record does not contain material evidence to support the jury's verdict can we set the judgment aside. *Turner v. Jordan*, 957 S.W.2d 815, 824 (Tenn. 1997); *Jackson v. Patton*, 952 S.W.2d 404, 405 (Tenn. 1997); *Next Generation, Inc. v. Wal-Mart, Inc.*, 49 S.W.3d 860, 863 (Tenn. Ct. App. 2000).

When the trial court was called upon to independently weigh the evidence, the trial court concluded the evidence did not preponderate against the verdict. The evidentiary hurdle the Graggs must now overcome is even higher; there must be no material evidence to support the verdict of the jury. Upon review of the record, we find material evidence supporting the jury's verdict, some of which was succinctly summarized in the trial court's Order Denying Motion for New Trial. That order reads in pertinent part:

> the contract entered into by Plaintiffs/Counter-Defendants [Moss Service and Supply] and Defendants/Counter-Plaintiffs [the Graggs] was both for sale of goods and for services of installation; that the contract called for the condensing units to be rated at 13 seer (seasonal energy efficiency rating) and the units installed were rated at 12 seer, but variable speed fan would effectively raise seer; that Defendants/Counter-Plaintiffs [the Graggs] declined variable speed fan; that testimony was credible that seer rating was more than 12 but less than 13; that the seer rating of 12 on the condensing units was not a substantial breach of the contract as adjustments to raise seer to 13 or 14 could be made. Further, the Court found that the testimony by witnesses for Moss Service and Supply, Inc., was credible in that it was not given the opportunity to cure any problems found after initial installation and running of the system.

The record before us contains material evidence supporting the jury's verdict.[2] In such cases, we will not disturb the judgment based on such a verdict. *See Alexander,* 24 S.W.3d at 273 (citing *Reynolds*, 887 S.W.2d at 823; Tenn. R. App. P. 13(d)). Moreover, the dispute between the parties concerning their agreement hinges on the credibility of witnesses, which is an issue within the

---

[2]Ken Bailey, Vice President of Moss Service & Supply testified that defendant Tommy Gragg specifically designated the equipment for him to provide for the house Gragg designed for himself, and the equipment had a SEER rating of 13.5 if matched with the proper variable speed motor specified in the brochure provided to Gragg. Bailey also explained that the SEER rating had nothing to do with the output of the units, which was the Graggs' primary complaint.

province of the jury. *See Alexander,* 24 S.W.3d at 273 (citing *State v. Wilson*, 924 S.W.2d 648, 649 (Tenn.1996); *Reynolds*, 887 S.W.2d at 823). The jury found the witnesses for Moss more credible than the Graggs, and we will not upset such a finding by a jury.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellants, Tommy and Rhonda Gragg.

_____
FRANK G. CLEMENT, JR., JUDGE